ORIGINAL

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FILED
JUN 6 2008
U.S. COURT OF FEDERAL CLAIMS
By Leave of the Judge

FEMME COMP, INC.

Plaintiff,

v.

THE UNITED STATES

Defendant.

CoFC No. 08-409C
**BID PROTEST**
(JUDGE SWEENEY)

**MOTION TO INTERVENE**

**COMES NOW** Technical and Project Engineering, LLC ("TAPE"), by and through undersigned counsel, and hereby moves under RCFC 24 to intervene in this matter. As more fully described in the Memorandum in Support of TAPE's Motion to Intervene, filed concurrently herewith, TAPE is entitled to intervene in this matter as a matter of right under RCFC 24(a); in addition, or in the alternative, TAPE qualifies for permissive intervention under RCFC 24(b).

**WHEREFORE** TAPE respectfully requests that the Court grant the prayed for relief.

Respectfully submitted,

Date: 6/6/08

By: ______________________

James S. DelSordo, Esq.
Argus Legal, LLC
9255 Center St.
Suite 307
Manassas, Virginia 20110
(703) 368-8770
fax (703) 368-8772

Counsel for Protester Technical and Project Engineering, LLC

ORIGINAL

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| FEMME COMP, INC.<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES<br><br>Defendant. | CoFC No. 08-409C<br>**BID PROTEST**<br>(JUDGE SWEENEY) |

**MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE**

**COMES NOW** Technical and Project Engineering, LLC ("TAPE"), by and through undersigned counsel, and hereby files this Memorandum in Support of TAPE's Motion to Intervene in this matter under RCFC 24. As more fully described below, TAPE is entitled to intervene in this matter as a matter of right under RCFC 24(a); in addition, or in the alternative, TAPE qualifies for permissive intervention under RCFC 24(b).

## I. Factual Background

According to the Request for Proposals No. W91QUZ-07-R-0007 (the "Solicitation" or the "RFP"), this procurement is for the following services:

> The Army is conducting this competition in order to enter into a performance-based arrangement to acquire a full range of Information Technology related Program Management Support Services required by the Program Executive Office, Enterprise Information Systems (PEO, EIS) headquarters, directorates, program/project/product offices and the Office of the Army Chief Information Officer/G-6 (CIO/G-6).

RFP § L, ¶ 1. TAPE submitted a timely proposal in response to the RFP. After business hours on March 20, 2008 TAPE received notice that although it was in the competitive range for the procurement, it was not chosen as one of the awardees under the RFP. In accordance with 15 C.F.R. § 15.506 TAPE received a debriefing from the Government on April 7, 2008. Based on the information in the debriefing, TAPE filed a protest concerning the Army's award decision with the Comptroller General on April 11, 2008. TAPE's protest was docketed as Technical and Project Engineering, LLC, B-400055.2. The Government submitted its Agency Report in this protest on May 13, 2008. At the direction of the Government Accountability Office ("GAO") the Government supplemented the Agency Report on May 30, 2008 and June 3, 2008. TAPE filed its Comments with the GAO on May 23, 2008 and supplemented its comments on June 4, 2008.

On or about June 2, 2008, Femme Comp Inc. ("FCI") filed this action here protesting the Government's award decisions under the RFP. Based on FCI's filing, on June 5, 2008, the GAO dismissed TAPE's protest in accordance with 4 C.F.R. § 21.11, which states that the GAO will not consider a protest where the procurement is the subject of litigation at this Court. A copy of the GAO's decision is attached as Exhibit 1.

## II. Argument

TAPE is entitled to intervene in this action, first, as a matter of right under RCFC 24(a), which provides as follows:

> Upon timely application anyone shall be permitted to intervene in an action: . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

This motion to intervene, filed within one business day of the dismissal of TAPE's protest at the GAO concerning this procurement because of the filing of this action by FCI, is clearly timely. TAPE satisfies the other requirements of RCFC 24(a) as well because as a member of the competitive range for this procurement TAPE has a direct and substantial economic interest in the procurement. See Armour of America v. United States, 70 Fed. Cl. 240, 243 (2006); see also American Maritime Transport, Inc. v. United States, 870 F.2d 1559, 1561 (Fed. Cir. 1989). Additionally, as a competitor for this procurement TAPE's interests are not adequately protected by FCI who has an interest in removing TAPE as a potential awardee under the RFP.

Alternatively, TAPE also qualifies for permissive intervention under RCFC 24(b), which provides the Court discretion to allow a party to intervene when the "applicant's claim or defense and the main action have a question of law or fact in common." RCFC 24(b)(2). The Court's rule goes onto state that, "In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Id. While FCI's Complaint is currently filed under seal and is not available to TAPE, based on FCI's pre-filing notice the parties are both challenging the Government's award decision under the RFP and the Government's evaluation of the offers submitted in response to the Solicitation. Therefore, TAPE's intervention satisfies the requirement that its case raise common questions of fact and law as those raised by FCI's protest. Furthermore, given that FCI only filed its protest on June 2, 2008 and it is not seeking a temporary restraining order, permitting TAPE to intervene will not unduly delay or prejudice either the Government's or FCI's rights here.

This Court ahs routinely granted intervention by interested third parties in the exercise of its post-award bid protest jurisdiction. See Comprehensive Health Services v. United States, 70 Fed. Cl. 700 (2006); Info. Scis. Corp. v. United States, 73 Fed. C. 70 (2005). Based on this

precedent and for the reasons set forth above, TAPE should be allowed to intervene in this protest.

Respectfully submitted,

Date: 6/6/08

By: ______________________

James S. DelSordo, Esq.
Argus Legal, LLC
9255 Center St.
Suite 307
Manassas, Virginia 20110
(703) 368-8770
fax (703) 368-8772

Counsel for Protester Technical and Project Engineering, LLC

GAO
Accountability * Integrity * Reliability

Comptroller General
of the United States

United States Government Accountability Office
Washington, DC 20548

# Decision

**Matter of:** D&S Consultants, Inc.; Technical and Project Engineering, LLC; Capgemini Government Solutions, LLC; L-3 Services, Inc.; BearingPoint, Inc.; Data Systems Analysts, Inc.

**File:** B-400055; B-400055.2; B-400055.3; B-400055.4; B-400055.5; B-400055.6; B-400055.7

**Date:** June 5, 2008

## DECISION

D&S Consultants, Inc., Technical and Project Engineering, LLC, Capgemini Government Solutions, LLC, L-3 Services, Inc., BearingPoint, Inc., and Data Systems Analysts, Inc. protest the Department of the Army's determination of the competitive range and/or award of contracts, under request for proposals No. W91QUZ-07-R-0007, under the Program Management Support Services II program.

We dismiss the protests because the matter involved is currently pending before a court of competent jurisdiction. Specifically, Femme Comp, Inc. has filed a complaint in the United States Court of Federal Claims challenging the Army's evaluation methodology and approach and the elimination of Femme Comp's proposal from the competitive range.

We will not decide a protest where the matter involved is the subject of litigation before a court of competent jurisdiction. Bid Protest Regulations, 4 C.F.R. § 21.11(b) (2008). Even where the issues before the court are not the same as those raised in our Office by a protester, or are brought by a party other than the protester, we will not consider the protest if the court's disposition of the matter could render a decision by our Office academic. Schuerman Dev. Co., B-238464.3, Oct. 3, 1991, 91-2 CPD ¶ 286 at 2-3; Geronimo Svc. Co.–Recon., B-242331.3, Mar. 22, 1991, 91-1 CPD ¶ 321 at 2. Here, the matter involved in the protests is currently before a court of competent jurisdiction; the complaint challenges the Army's evaluation methodology and approach such that the court's disposition of the complaint may

Ex. 1

affect the evaluation of other offerors; and there is no indication that the court will request an advisory opinion on the issue.[1]

The protests are dismissed.

Gary L. Kepplinger
General Counsel

---

[1] Our Office may, at the request of a court, issue an advisory opinion on a protest issue that is before the court. 4 C.F.R. § 21.11(b).

Docket No. 08-409C

**UNITED STATES COURT OF FEDERAL CLAIMS**

**MEMORANDUM**

TO: JUDGE [handwritten name]
FROM: CLERK'S OFFICE

The attached was received on 6-6-08
and the following defect(s) is/are noted:

1. ____ Untimely, due to be filed by ______________ [Rule 7.2]

2. ____ Proof of service: [Rule 5.2]
____ is missing; ____ is not signed and/or dated;
____ shows service on wrong attorney or of wrong item;
____ is not attached to each document or copy

3. ____ Not signed by the attorney of record [Rules 11 and 83.1(c)(2)]

4. ____ Does not comply with the provisions of Rule:

| | | |
|---|---|---|
| ____ | 5.3(a)(1)(A) | Re: table of contents or index to appendix is missing (or in wrong location) |
| ____ | 5.3(a)(1)(G) | Re: index to appendix is to be located in both the front of the brief and in front of the appendix |
| ____ | 5.3(b) | Re: length of briefs or memorandum |
| ____ | 5.4(c) | Re: binding |
| ____ | 5.4(d) | Re: original/copies missing |
| ____ | 5.4(g) | Re: Judge's name on all filings |
| ✓ | 7(b) | Re: brief, supporting memorandum, affidavits shall be attached to motion |
| ____ | 24(c) | Re: motion to be accompanied by a pleading |
| ____ | 52.1(b) | Re: statement of facts and/or counter-statement of facts is missing |
| ____ | 56(h) | Re: proposed findings and/or response to proposed findings is missing or not a separate document |
| ____ | 77.1(a) | Re: improper use of the night box |
| ____ | 83.1(c)(1) | Re: one attorney for a party; attorney to be an individual not a firm |
| ____ | ________ | Re: ________________________________ |

5. ____ Original affidavit(s)/declaration(s) is/are missing
6. ____ No provision in the Rules (or court order) for the filing of this item
7. ✓ This case has been designated as an ***ECF*** case.
8. ____ ________________________________

[signature]
Deputy Clerk

To: **CLERK'S OFFICE**

**THE ATTACHED ITEM IS TO BE:**

✓ Filed by my leave, **OR**,

***PURSUANT TO THE ACCOMPANYING ORDER:***

***(Note - This is a separately written order)***

____ Filed by leave of the judge and party is being notified for correction of defect(s) as to future filings.

____ Returned to party for correction of defects, with the document to be filed by leave of the judge, if it is out of time, with opposing counsel's time to respond to run from the date of re-service.

____ Returned to party for correction of defect(s).

____ Returned to party.

Margaret M. Sweeney
Signature

6/6/08
Date