# In the United States Court of Federal Claims

Nos. 08-409C, 08-419C, 08-432C, and 08-454C
(Filed: June 23, 2008)

FEMME COMP INC., TECHNICAL AND PROJECT ENGINEERING, LLC, L-3 SERVICES, INC., and DATA SYSTEMS ANALYSTS, INC.,

Plaintiffs,

v.

THE UNITED STATES,

Defendant,

and

SAVANTAGE FINANCIAL SERVICES, INC. and BOOZ ALLEN HAMILTON INC.,

Defendant-Intervenors.

## ORDER

The court held a status conference in the above-captioned bid protest on June 23, 2008, which served as the initial status conference in L-3 Services, Inc., No. 08-432, and Data Systems Analysts, Inc., No. 08-454. Counsel for Femme Comp Inc. ("FCI"), Technical and Project Engineering, LLC ("TAPE"), L-3 Services, Inc. ("L-3"), Data Systems Analysts, Inc. ("DSA"), the United States, Savantage Financial Services, Inc., and Booz Allen Hamilton Inc. participated in the status conference. The court discussed the following issues with the parties:

- Because L-3 Services, Inc. and Data Systems Analysts, Inc. arise from the same procurement at issue in Femme Comp Inc., No. 08-409C, the court indicated that it would consolidate those cases with Femme Comp Inc. After the status conference concluded, the court filed orders in L-3 Services, Inc. and Data Systems Analysts, Inc. directing the consolidation.

- L-3 agreed to combine the briefing for its Motion for Preliminary Injunction with its briefing for its Motion for Permanent Injunction and Declaratory Relief. Thus, the court defers ruling on L-3's Motion for Preliminary Injunction.

- L-3 had no objections to the protective order issued in Femme Comp Inc. DSA shall review the protective order and file, **no later than 5:00 p.m. on Wednesday, June 25, 2008**, a status report indicating whether it has any objections. Both L-3 and DSA shall file the necessary applications for entry into the protective order **as soon as possible**. **Once L-3 and DSA are admitted to the protective order**, defendant shall serve counsel with a copy of the administrative record on DVD-ROM.

- Neither L-3 nor DSA objected to the briefing schedule set forth in the court's June 6, 2008 order. L-3 and DSA shall comply with the same deadlines as FCI and TAPE and cite the relevant portions of the administrative record in their briefs.

- With the agreement of all of the parties, the court changed the time of the previously scheduled oral argument. The court will hear argument on the parties' motions on **Wednesday, August 27, 2008, at 10:00 a.m.**, at the Howard T. Markey National Courts Building, 717 Madison Place, NW, Washington, DC.

- The court extended L-3's Motion for Leave to Exceed Page Limits to apply to the opening briefs of each party. L-3's motion is **GRANTED**. Each party's opening brief **shall not exceed 75 pages** in length. If any party wishes to enlarge the page limits for other briefs, it shall file the appropriate motion.

- Defendant represented that the administrative record filed with the court on DVD-ROM contains all of the documents in the administrative record before the GAO, including those documents pertaining to L-3 and DSA. Thus, defendant does not need to supplement the administrative record. However, it appears that the courtesy copies of the relevant portions of the administrative record provided to chambers lack the documents pertaining to L-3 and DSA (i.e., tabs 13, 16, 33, and 25). Thus, by **no later than Monday, June 30, 2008**, defendant shall provide chambers with two bound hard copies of those documents.

- In its June 6, 2008 order, the court directed the parties to submit two hard bound copies of their briefs and the portions of the administrative record cited in the briefs. Because defendant has already submitted to chambers a substantial portion of the administrative record, the court will modify this directive. Defendant shall file, **no later than Monday, June 30, 2008**, a status report identifying those portions of the administrative record (by tab number and Bates number) provided to chambers. The parties **need not submit** with their hard copy briefs any portions of the administrative record identified in defendant's status report.

**IT IS SO ORDERED.**

s/ Margaret M. Sweeney
MARGARET M. SWEENEY
Judge