**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**BID PROTEST**

| | |
|---|---|
| FEMME COMP INC., TECHNICAL AND PROJECT ENGINEERING, LLC, L-3SERVICES, INC., DATA SYSTEMS ANALYSTS, INC. and BEARINGPOINT, INC., | |
| Plaintiffs, | |
| v. | Case Nos. 08-409C, 08-419C, 08-432C, 08-454C, and 08-474C (Judge Margaret M. Sweeney) |
| THE UNITED STATES, | |
| Defendants, | |
| and | |
| SAVANTAGE FINANCIAL SERVICES, INC. and BOOZ ALLEN HAMILTON, INC., | |
| Defendant-Intervenors. | |

**PLAINTIFF FEMME COMP INC.'S OPPOSITTION TO**
**DEFENDANT'S MOTION TO STRIKE**

Pursuant to Rule 7.2 of the Rules of the Court of Federal Claims ("RFCF"), Plaintiff Femme Comp Inc. ("FCI") responds to the Defendant United States' Motion to Strike Attachments A and B to Plaintiff Femme Comp Inc.'s Motion for Judgment on the Administrative Record, and respectfully requests that the Court deny the motion. FCI Attachment A and B (hereinafter "the attachments") should not be struck because they are derived directly from the administrative record and they represent a visual presentation of FCI's argument that the Army's decision-making process was unlawful. In addition, the Court should deny the Defendant's motion to strike the parts of FCI's Motion for Judgment on the Administrative Record which refer and rely upon the attachments.

# I. ARGUMENT

## A. THE ATTACHMENTS ARE PART OF THE ADMINISTRATIVE RECORD

The attachments are two spreadsheets FCI created solely from information the Army provided in the administrative record and used during the decision-making process. The attachments were created to provide a visible representation of FCI's argument that the Army unlawfully excluded FCI from the competitive range. It is well established that summary judgment decisions made on the administrative record are limited to the existing record, except as supplemented pursuant to the RCFC. *See CW Gov't Travel, Inc. v. United States*, 163 Fed. Appx. 853, 859 (Fed. Cir. 2005); *R & D Dynamics Corp. v. United States*, 80 Fed. Cl. 715, 723 (Fed. Cl. 2007). This is true, even though the idea of an administrative record is, practically speaking, somewhat of a fiction "because it 'is not a documentary record maintained contemporaneously with the event or actions included in it.'" *R & D Dynamics Corp.*, 80 Fed. Cl. at 723 (quoting *Tech Sys., Inc. v. United States*, 50 Fed. Cl. 216, 222 (Fed. Cl. 2001)). "Rather, the administrative record is a convenient vehicle for bringing the decision of an administrative body before a reviewing agency or court." *Tech. Sys., Inc.*, 50 Fed. Cl. at 222. Furthermore, pursuant to the Federal Rules of Evidence 1006, where "[t]he contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court[, they] may be presented in the form of a chart." Fed. R. Evid. 1006.

By submitting the attachments to its motion, FCI does not attempt to circumvent this fundamental principle. FCI does not need to do so. The attachments were created exclusively from the information the Army provided in the administrative record, and the attachments themselves present "a convenient vehicle" for relaying information provided in the

administrative record to the Court. Therefore, the Court's review of these attachments does not constitute a break from this long-standing rule, and the Court should deny the Defendant's motion to strike the attachments.

The Defendant misunderstands the purpose of the attachments, which provide a persuasive visual aid to demonstrate FCI's argument that the Army's decision making process was unlawful. As the attachments are based entirely on information the Army provided and used in its decision to unlawfully exclude FCI from the competitive range, the Court should be allowed to consider the attachments in its review and determine for itself how persuasive FCI's visual argument is.

The Defendant asserts that it could not consider the spreadsheets in its decision-making process; however, the Army *did* consider the information that upon the spreadsheets are based. It is disingenuous for the Defendant to say that merely because the information FCI presents is in a different form than the information that the Army presented, that the information is not the same. The Army provided over 12,000 pages of information in the administrative record. This is certainly a voluminous amount of information which cannot be easily examined by the court. Under these circumstances, it is proper, if not imperative that FCI succinctly summarize this information in a chart, as permitted by the Federal Rules of Evidence, for the Court to review when FCI is presenting its position to the Court.

Moreover, the Defendant suggests that FCI should have based its arguments on a chart the Army provided. FCI could have done so but it is not required to present its arguments in the same media format as the Army. Furthermore, FCI asserts that the Army's decision-making

process was unlawful, and FCI's attachments clearly demonstrate this; therefore, it would make no sense for FCI to rely on the Army's chart, which details the very decision-making process FCI asserts violates the law. If it was FCI's intent to blindly accept the Army's award decision and the limited information provided, FCI would not have filed this protest. Contrary to the Defendant's position, FCI does not substitute a new process for the one actually used by the Army. Instead, FCI substitutes its own format for the information presented in the administrative record and the Court should consider this format in its review of FCI's bid protest.

The Defendant's motion to strike the attachments sets forth numerous arguments with the way in which FCI presents the information from the administrative record in its attachment. These arguments are not persuasive with regard to the Court's review of FCI's attachments because they merely demonstrate the Defendant's disagreement with the form which FCI presents the information from the administrative record. FCI makes clear in its motion that it is not attempting to supplement the record or replace the Army's actual decision-making and FCI does not challenge the Army's decision to use an adjectival rating system. Rather, FCI states that is presenting the same raw information the Army alleges it used in its decision-making process in an alternate form to illustrate the point that the Army's competitive range determination and FCI exclusion from the competitive range was unlawful. The fact that FCI uses numbers does not distort the Army's decision-making process because FCI never implies that the Army should have used a numerical ranking system or that a numeric ranking system was better.

FCI's application of the information the Army used in its decision-making process in a different format to demonstrate a persuasive point, is just like one litigant's application of case

law and factual situations to persuade the Court that said case law should be applicable to the fact pattern before the Court. It is not a distortion of the administrative record and the facts to apply those facts in a different format in an effort to persuade the Court to one's view of the case. Instead of solely using words to persuade the Court, as most parties usually do, FCI also uses a visual manifestation of its written argument to establish its point. Accordingly, the attachments, which illustrate FCI's argument, should be considered by the Court in reviewing FCI bid protest and the Court should deny the Defendant's motion to strike.

## B. FCI SHOULD BE PERMITTED TO CORRECT ITS CLERICAL ERROR

In the event that there are factual errors in the attachments, the attachments may be easily corrected. The Court has the power to correct clerical errors made by the parties during the litigation process. *Gagnon v. United States*, 193 U.S. 451, 457 (1904). In order to eliminate the unintentional clerical error, FCI could easily resubmit its attachments with the corrections, and the Court should allow FCI to do so. If FCI had made a similar mistake in the written text of an argument, FCI would likely be permitted to correct such an error. That FCI made such a mistake in the visual representation and illustration of its argument should not dictate a contrary result. Consequently, the Court should deny the Defendant's motion to strike on this ground and should permit FCI to correct the clerical error.

## II. CONCLUSSION

For the reasons set forth above, Plaintiff FCI respectfully requests that the Court deny the Defendant's Motion to Strike Attachments A and B to Plaintiff Femme Comp Inc.'s Motion for Judgment on the Administrative Record.

Respectfully submitted,

/s/ Terrence M. O'Connor

Terrence M. O'Connor
Sarah Zaffina
ALBO & OBLON, L.L.P.
2200 Clarendon Boulevard, Suite 1201
Arlington, Virginia 22201
Telephone (703) 562-3382
Facsimile: (703) 312-0415
*Counsel for Femme Comp Inc.*

Dated: August 12, 2008
(electronically filed)

**CERTIFICATE OF FILING**

I hereby certify that on this 12th day of August, 2008, a copy of the foregoing "Plaintiff Femme Comp Inc.'s Opposition to Defendant's Motion to Strike" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

___/s/ Terrence M. O'Connor____