# In the United States Court of Federal Claims

Nos. 08-409C, 08-419C, 08-432C, 08-454C, and 08-474C
(Filed Under Seal: September 2, 2008)
(Reissued: September 4, 2008)[1]

************************************
FEMME COMP INC., TECHNICAL AND PROJECT ENGINEERING, LLC, L-3 SERVICES, INC., DATA SYSTEMS ANALYSTS, INC., and BEARINGPOINT, INC.,

Plaintiffs,

v.

THE UNITED STATES,

Defendant,

and

SAVANTAGE FINANCIAL SERVICES, INC. and BOOZ ALLEN HAMILTON INC.,

Defendant-Intervenors.
************************************

**ORDER**

This consolidated postaward bid protest comes before the court on the parties' cross-motions for judgment on the administrative record and various motions concerning supplementation of the administrative record. Plaintiffs Femme Comp Inc. ("Femme Comp"), Technical and Project Engineering, LLC ("TAPE"), L-3 Services, Inc. ("L-3 Services"), Data Systems Analysts, Inc. ("Data Systems"), and BearingPoint, Inc. ("BearingPoint") protest the Army Contracting Agency's award of the Program Management Support Services 2 acquisition and seek various forms of declaratory and injunctive relief. Two of the five successful offerors, Savantage Financial Services, Inc. ("Savantage") and Booz Allen Hamilton Inc. ("Booz Allen") have intervened in defense of the award. After a complete and thorough review of the

---

[1] The court originally filed this order under seal. This unsealed order incorporates the parties' proposed redactions, which are indicated by a bracketed ellipsis (i.e., "[ . . . ]").

administrative record and the parties' legal arguments, the court finds that three plaintiffs' protests should be sustained. This order describes the scope of the relief granted by the court; a more detailed decision explaining the basis for the court's decision will follow within the next two weeks.

**Standard for Permanent Injunction**

The United States Court of Federal Claims has the authority to award injunctive relief pursuant to 28 U.S.C. § 1491(b)(2) and is guided in making such an award by Rule 65 of the Rules of the United States Court of Federal Claims. In determining whether to award a permanent injunction, a court must consider whether (1) the plaintiff has succeeded on the merits; (2) the plaintiff will suffer irreparable harm if the court withholds injunctive relief; (3) the balance of hardships favors the grant of injunctive relief; and (4) it is in the public interest to grant injunctive relief. PGBA, LLC v. United States, 389 F.3d 1219, 1228-29 (Fed. Cir. 2004).

**Success on the Merits**

The court has concluded that the Army irrationally evaluated the proposals within the competitive range, except for the proposals of Savantage and Binary Group, Inc. ("Binary"),[2] in several ways, including, at a minimum, (1) improperly evaluating the Small Business Participation factor and (2) failing to consistently evaluate the [ . . . ] of the offerors' [ . . . ]. The court has also concluded that the Source Selection Authority accorded the Price factor more weight than permitted by the Army's solicitation, resulting in best value tradeoffs of the proposals within the competitive range, except for the proposals of Savantage and Binary,[3] that were arbitrary, capricious, and not in accordance with the law. By elevating Price over the more highly rated technical factors, whether it be the three more highly rated technical factors taken individually or the four technical factors taken collectively, the Source Selection Authority violated the express provisions of the solicitation. Moreover, the court concludes that the unsuccessful offerors were prejudiced by the improper evaluations and best value tradeoffs.

---

[2] Savantage and Binary were awarded contracts under the portion of the solicitation reserved for small businesses. Of the five plaintiffs, only TAPE was a small business with standing to challenge the Army's small business contract awards, but it was unsuccessful in its challenge. Further, in addition to lacking standing to challenge the Army's small business contract awards, none of the four large business plaintiffs made such a challenge. Accordingly, the court will not set aside these contract awards. Thus, the court excludes Savantage and Binary from its conclusion that the Army irrationally evaluated the proposals within the competitive range.

[3] Again, because it declines to set aside the small business contract awards to Savantage and Binary, the court excludes Savantage and Binary from its conclusion that the Army's best value tradeoffs were arbitrary, capricious, and not in accordance with the law.

**Irreparable Injury**

"When assessing irreparable injury, '[t]he relevant inquiry in weighing this factor is whether plaintiff has an adequate remedy in the absence of an injunction.'" Overstreet Elec. Co. v. United States, 47 Fed. Cl. 728, 743 (2000) (quoting Magellan Corp. v. United States, 27 Fed. Cl. 446, 447 (1993)). Offerors in the competitive range, aside from Savantage and Binary, have lost the opportunity to perform under the contract–a loss of business valued at $478,642,912–due to the Army's failure to properly evaluate their proposals and perform the best value tradeoffs. In addition, any offeror that should have been awarded a contract, but was not, will be at a disadvantage when competing for future contracts. No adequate remedy exists to make up for this potential loss of business or competitive advantage. Accordingly, the offerors in the competitive range have been irreparably injured.

**Balance of Hardships**

To assess the balance of hardships, the court must examine the harm to the government in issuing a permanent injunction. See Overstreet Elec. Co., 47 Fed. Cl. at 744. Because the Army presently has incumbent contractors performing the work covered by the solicitation at issue here, the balance of harms weighs in favor of plaintiffs.

**Public Interest**

It is unquestioned that "the public interest in honest, open, and fair competition in the procurement process is compromised whenever an agency abuses its discretion in evaluating a contractor's bid." Overstreet Elec. Co., 47 Fed. Cl. at 744. Because the Army awarded the contracts at issue in this case based upon irrational evaluations and arbitrary, capricious, and unlawful best value tradeoffs, the public interest was compromised.

**Conclusion**

In sum, the court finds that injunctive relief is appropriate in this case. Accordingly, it is **ORDERED** that:

- The motions for judgment on the administrative record filed by Femme Comp and TAPE are **DENIED**;
- The motions for judgment on the administrative record filed by L-3 Services, Data Systems, and BearingPoint are **GRANTED IN PART AND DENIED IN PART**;
- The cross-motions for judgment on the administrative record filed by defendant and Booz Allen are **GRANTED IN PART AND DENIED IN PART**;

- The cross-motion for judgment on the administrative record filed by Savantage is **GRANTED**;

- The motion to supplement the administrative record filed by Femme Comp is **DENIED AS MOOT**;

- The motions to strike filed by BearingPoint and defendant are **GRANTED**;

- The contracts awarded to Systems Research and Applications Corporation, Wyle, and Booz Allen pursuant to solicitation number W91QUZ-07-R-0007 shall be **SET ASIDE**;

- Although the contract awards to Savantage and Binary were not successfully challenged and will not be set aside, the Army is **ENJOINED** from commencing performance on those contracts until it has re-awarded contracts under the unrestricted portion of the solicitation;

- For all of the proposals within the competitive range, except for the proposals submitted by Savantage and Binary, the Army shall reevaluate, at a minimum, the factors and/or criteria identified in the court's forthcoming decision, conducting another round of discussions if necessary; and

- Upon reevaluating the ten identified proposals, the Army shall render a new Source Selection Decision, ensuring that each factor is accorded the appropriate weight.

The clerk is directed to enter judgment accordingly.

s/ Margaret M. Sweeney
MARGARET M. SWEENEY
Judge